UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7235 CAS (AGRx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | RHEX CASAS; ET AL. v. BRIGHTWATER INTERNATIONAL, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

NOT PRESENT                          NOT PRESENT

**Proceedings:** (In Chambers:) PLAINTIFF/COUNTER DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION (filed 12/20/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I.   INTRODUCTION

Plaintiffs filed a complaint in the instant suit on September 28, 2010. The complaint alleges claims for: (1) failure to pay minimum wage and overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.; (2) failure to pay minimum wage and overtime compensation pursuant to Cal. Labor Code §§ 510 and 1194; and (3) unfair competition, pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq. and in violation of Cal. Labor Code § 226. On defendant Woodbury Manor, Inc., filed a countercomplaint, alleging claims for: (1) breach of fiduciary duty; (2) conversion; (3) negligence; and (4) breach of employment contract. Plaintiffs/counterdefendants filed the instant motion to dismiss defendant's counter-claims on December 20, 2010. On January 10, 2011, defendant/counterclaimant Woodbury Manor, Inc. filed an opposition to counter-defendants' motion. After carefully considering the arguments of the parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7235 CAS (AGRx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | RHEX CASAS; ET AL. v. BRIGHTWATER INTERNATIONAL, INC.; ET AL. | | |

presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

District courts may exercise jurisdiction over state law claims supplemental to their federal question jurisdiction only if those state law claims are so closely related to the federal claim that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Counterclaims are governed by Rule 13 of the Federal Rules of Civil Procedure, which categorize counterclaims as either compulsory or permissive. See Fed. R. Civ. P. 13. A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims." Fed. R. Civ. P. 13(a)(1)(A). Supplemental jurisdiction generally automatically extends to compulsory counterclaims, because "[r]efusal to entertain a compulsory counterclaim might lead to its forfeiture." Baker v. Gold Seal Liquors, 417 U.S. 467, 468 n.1 (1974). The Ninth Circuit applies the "logical relationship test" to determine whether a counterclaim is compulsory. Pochiro v. Prudential Ins. Co., 827 F.2d 1246, 1249 (9th Cir. 1987). Applying the logical relationship test, the court must examine "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7235 CAS (AGRx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | RHEX CASAS; ET AL. v. BRIGHTWATER INTERNATIONAL, INC.; ET AL. | | |

one lawsuit." Id.

Permissive counterclaims include "any claim that is not compulsory." Fed. R. Civ. P. 13(b). Permissive counterclaims require an independent basis for subject matter jurisdiction. See Otsuka, 2008 WL 2037621, at *3 (citing Iglesias v. Mut. Life Ins. Co., 156 F.3d 237, 241 (1st Cir. 1998)). Where there is no independent basis for jurisdiction over a permissive counterclaim, the Court may still exercise supplemental jurisdiction over the counterclaim where the counterclaim and the claims in the action "'derive from a common nucleus of operative fact' and are such that a 'plaintiff would be expected to try them in one judicial proceeding.'" Trs. of the Constr. Indus. & Laborers Health and Welfare Trust v. Desert Valley Landscape & Maint. Inc., 323 F.3d 923, 925 (9th Cir. 2003) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1996)); see Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 8:1236 (The Rutter Group 2007).

**IV.   DISCUSSION**

Counterdefendant argues that the counterclaims should be dismissed for lack of subject matter jurisdiction. Mot. at 5. Counterdefendant argues that the only plausible source of jurisdiction is supplemental jurisdiction, and that this basis fails "because the counterclaims do not arise from the "same 'case or controversy' as the claims alleged in the complaint." Id. "Woodbury's counter claims do not constitute the same case or controversy as the claims presented in the complaint because they do not arise from a common nucleus of operative facts. In that regard, none of the counter claims has any relation to the hours worked by Plaintiffs, the sums Plaintiffs were paid, or the minimum wage and overtime compensation they are owed. The adjudication of the counter claims will necessarily involve different facts, different evidence and different laws." Id. at 6-7.[1]

---

[1] Counterdefendant adds that while "in some contexts, unrelated counter claims may be allowed to establish an offset, as opposed to an affirmative recovery, offsets are not permitted [in connection with suits under the] Fair Labor Standards Act," and "California law similarly prohibits offsets in cases seeking unpaid minimum wage or overtime." Mot. at 12. Counterclaimant contends that offset is not at issue as it has "never requested an offset against any alleged unpaid wages owed to Plaintiffs," but rather solely argues that "no wages are due to Plaintiffs and that Defendant's counterclaims will be the only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7235 CAS (AGRx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | RHEX CASAS; ET AL. v. BRIGHTWATER INTERNATIONAL, INC.; ET AL. | | |

Counterdefendant further argues that even if the Court finds that it has supplemental jurisdiction over the counterclaims, it should decline to exercise it, pursuant to 28 U.S.C. § 1367(c).  Id. at 8.  Counterdefendant argues that this would be proper because "[i]n contrast to the precise and narrow range of legal and factual issues raised in the complaint, the counter complaint contains numerous legal and factual issues which inevitably would become the primary focus of this litigation."  Id. at 9.  Counterdefendant further argues that it would be proper to decline to exercise supplemental jurisdiction because the counterclaims would involve novel and complex issues of state law.  Id. at 11.  Specifically, counterdefendant argues that the claims would raise the issue of whether counter-complainant has standing to bring "a civil claim for alleged abuse of residents without the informed consent of those residents."  Id.

In opposition, counterclaimant argues that its "counter-complaint for claims under state law arise under the same series of transactions and occurrences, from which Plaintiffs allege they are owed wages under the FLSA," and therefore that the Court has supplemental jurisdiction over these claims.  Opp. at 1.  Specifically, counterclaimant argues, "[d]efendant's counterclaims against Plaintiff are based on Plaintiff's unlawful conduct, committed while Plaintiffs were performing work for Defendant.  Plaintiffs used their position as employees of Defendant to commit unlawful acts against individuals entrusted to their care."  Id. at 2.  While some issues differ between the state and federal claims, counter-complainant argues, "[t]he additional discovery and issues presented in resolving Defendant's counterclaims would be minimal.  The main issue would still be what happened during the course of Plaintiff's employment with Defendant."  Id. at 3.

Under the same reasoning, counterclaimant argues, "[u]nder state law, Defendant's counterclaims would be compulsory because the claims arose from transactions occurring during the employment relationship, and the claims existed at the time Defendant served its answer to the Complaint."  Id. at 4.  Counterclaimant analogizes the instant case to K.R.L. Partnership v. Sup. Ct. (Pemberton), 120 Cal. App. 4th 490, 498 (2004), in which the Court concluded that "where an attorney sued his client for fees owing for services rendered in a particular matter, the client's claim against attorney for malpractice and breach of duty arising from that same particular matter was a compulsory cross-

---

basis for any award in this case."  Opp. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7235 CAS (AGRx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | RHEX CASAS; ET AL. v. BRIGHTWATER INTERNATIONAL, INC.; ET AL. | | |

complaint. . . . Similarly, Plaintiffs here allege that they are owed money for work performed for Defendant and Defendant brings its claims against Plaintiffs for its damages based on the work Plaintiffs performed." Id. Moreover, counterclaimant argues, as a defendant, it "would be entitled to raise the equitable defense of unclean hands. In doing so, the court would examine all of Defendant's counterclaims." Id.

Furthermore, counterclaimant argues, the Court should not decline to exercise supplemental jurisdiction, because defendant's counterclaims are not novel or complex issues of state law. Id. at 6. Counterclaimant further argues that "[t]his Court, [like the one in Vasquez v. Panella Trucking, LLC, 2010 U.S. Dist. LEXIS 28270 (D. Cal. 2010)] should wait until the matters are more fully developed before deciding on whether Defendant's counterclaims predominate. Even if the Court were to decide that one of the exceptions under Section 1367(c) applies, counter-complainant further argues that "the Court should still exercise jurisdiction based on judicial economy, convenience, and fairness." Opp. at 7.

The Court concludes that defendant's counterclaims should be dismissed for lack of subject matter jurisdiction. The claims asserted in defendant's countercomplaint all arise from alleged wrongful activities by plaintiffs. Plaintiff's federal claim concerns whether defendants violated the FLSA by failing to pay overtime wages. The Court finds that the claims asserted by counterclaimant are not compulsory counterclaims because they do not arise out of the same transaction or occurrence as plaintiff's federal claim. Moreover, even under the broader standard applied to permissive counterclaims, the exercise of supplemental jurisdiction is improper because the counterclaims do not arise from the same nucleus of operative fact as plaintiff's federal claim. See Otsuka v. Polo Ralph Lauren Corp., 2008 WL 2037621 (N.D. Cal. May 12, 2008). The only tenuous connection between the two claims is the existence of an employment relationship between plaintiffs and defendants, which is insufficient to establish supplemental jurisdiction over defendants' counter-claims. See Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 469 (S.D.N.Y. 2008) ("the employment relationship does not establish a 'common nucleus of operative fact' where it is the sole fact connecting Plaintiffs' federal overtime claims and [defendant's] state law counterclaims"). See also Cormier v. Funtown/Splashtown USA, Inc., 294 F. Supp. 2d 125, 139-41 (D. Me. 2003).

## IV. CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7235 CAS (AGRx) | Date | February 1, 2011 |
|---|---|---|---|
| Title | RHEX CASAS; ET AL. v. BRIGHTWATER INTERNATIONAL, INC.; ET AL. | | |

In light of the foregoing, the Court GRANTS plaintiffs' motion to dismiss defendant's counter-complaint for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |