UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7235 CAS (AGRx) | Date | August 29, 2011 |
|---|---|---|---|
| Title | RHEX CASAS, et al. v. BRIGHTWATER INTERNATIONAL, INC., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Robert Ronne | Jenny Burke |

**Proceedings:** **DEFENDANTS' MOTION TO DISMISS CERTAIN PLAINTIFFS FOR FAILURE TO PROSECUTE** (filed 07/18/11)

## I. INTRODUCTION

On September 28, 2010, plaintiffs Rhex Casas ("Casas"); Fiorela Camba ("Camba"); Victoria Gacute ("Gacute"); and Eduardo Songco ("Songco"), filed suit against defendants Brightwater International, Inc. ("Brightwater"); Woodbury Manor, Inc. ("Woodbury"); Yolanda Martinez ("Martinez"); and Mark Meneses ("Meneses") alleging claims for failure to pay minimum wage and overtime compensation in violation of the Fair Labor Standards Act and the California Labor Code as well as for unfair competition under California Business and Professions Code Section 17200. Compl. at 1–7. Defendants Brightwater and Woodbury are facilities that hire caregivers for the purpose of caring for the sick, the aged, and the mentally ill or defective. Id. at 3. Defendants Martinez and Meneses are individuals who have financial and/or operational control over Brightwater and Woodbury. Id. at 2. Plaintiffs were hired to render caregiver services at the Brightwater and Woodbury facilities. Id. at 3.

On July 18, 2011, defendants filed the instant motion to dismiss plaintiff Songco for failure to prosecute this action. Plaintiffs filed an opposition to the motion on July 28, 2011. Defendants filed a reply on August 8, 2011. After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

////
////

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7235 CAS (AGRx) | Date | August 29, 2011 |
|---|---|---|---|
| Title | RHEX CASAS, et al. v. BRIGHTWATER INTERNATIONAL, INC., et al. | | |

////

## II.   BACKGROUND

On April 11, 2011, the Court conferred with counsel and scheduled the fact discovery cut-off date for August 1, 2011 and the trial date for September 27, 2011.  On May 31, 2011, defendants' counsel sought deposition dates for each of the four plaintiffs. Declaration of Jenny Burke in Support of Defendants' Motion to Dismiss Plaintiff Songco ("Burke Decl.") at ¶ 5.  Plaintiffs' counsel responded with dates for plaintiffs Casas, Gacute, and Camba, but did not provide a date for Songco.  Id. at ¶ 6, Exh. B. Following defendants' second request for a date for Songco's deposition on June 3, 2011, plaintiffs' counsel informed defense counsel that Songco was no longer communicating with his attorneys, that counsel would not be providing responses to written discovery requests propounded on Songco, and that Songco could not be procured for deposition. Burke Decl. at ¶ 8.

## III.   LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure governs the instant motion.[1]

In determining whether to dismiss a party for failure to prosecute under Rule 41(b), the court weighs five factors:

---

[1] Rule 41(b) provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7235 CAS (AGRx) | Date | August 29, 2011 |
|----------|----------------------|------|-----------------|
| Title | RHEX CASAS, et al. v. BRIGHTWATER INTERNATIONAL, INC., et al. | | |

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

<u>Conn. Gen. Life Ins. Co. v. New Images</u>, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal quotation marks omitted); <u>see also</u> <u>Danzig</u>, 217 F.3d at 1138.  A presumption of prejudice arises from a plaintiff's unexplained failure to prosecute such that the plaintiff has the initial burden of showing a nonfrivolous explanation for the delay.  <u>See</u> <u>Laurino v. Syringa Gen. Hosp.</u>, 279 F3d 750, 753 (9th Cir. 2002).  A district court may excuse a plaintiff's delay in prosecuting its claims where all or much of the delay was caused by the defendant.  <u>See</u> <u>Dahl v. City of Huntington Beach</u>, 84 F3d 363, 367 (9th Cir. 1996).

## IV.    DISCUSSION

The Court finds that the first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal.  All indications are that Songco has ceased participating in the case.

Similarly, the Court finds that the third factor – prejudice to defendants – weighs heavily in favor of dismissal.  The Ninth Circuit has summarized the burden of proof with respect to prejudice as follows:

> [W]here a plaintiff has come forth with an excuse for his delay that is anything but frivolous, the burden of production shifts to the defendant to show at least some actual prejudice. If he does so, the plaintiff must then persuade the court that such claims of prejudice are either illusory or relatively insignificant when compared to the force of his excuse. At that point, the court must exercise its discretion by weighing the relevant factors-time, excuse, and prejudice.

<u>Nealey v. Transportacion Maritima Mexicana, S.A.</u>, 662 F.2d 1275, 1281 (9th Cir. 1980). Here, plaintiffs have offered virtually no reason nor any evidence excusing Songco's failure to prosecute the case.  By contrast, defendants have offered evidence of substantial prejudice due to Songco's failure to prosecute the case.  Specifically defendants have not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7235 CAS (AGRx) | Date | August 29, 2011 |
|---|---|---|---|
| Title | RHEX CASAS, et al. v. BRIGHTWATER INTERNATIONAL, INC., et al. | | |

received responses to written discovery and were unable to take Songco's deposition despite repeated requests.  See Burke Decl. ¶¶ 5–6.

While the fourth factor – the public policy favoring disposition on the merits – may weigh against dismissing Songco, the Ninth Circuit has explained that this is a weak factor that does not preclude dismissal where the other factors weigh in favor.  See Rio Properties, Inc. v. Rio Int'l Interlink, 284 F3d 1007, 1022 (9th Cir. 2002).

Finally, the fifth factor – the availability of less drastic sanctions – also weighs in favor of dismissal.  Plaintiffs' counsel has explicitly informed defendants' counsel that plaintiff Songco was no longer communicating with his attorneys, that counsel would not be providing responses to written discovery requests propounded on Songco, and that Songco could not be procured for deposition.  Burke Decl. at ¶ 8.  As such, any less drastic sanctions that the Court could impose on Songco would appear futile.

Plaintiffs' main contention appears to be that defendant Martinez nefariously secured Songco's absence from the case.  However, the evidence plaintiffs cite provide minimal, if any, support for this proposition.

Further, at oral argument, counsel for Songco stated that someone purporting to be Songco had called his office and left word that Songco was out of the country.  Counsel stated that he had no contact information for Songco, and that he had been unable to reach him.

After carefully considering the relevant factors, the Court concludes that dismissal of the nonresponsive plaintiff is warranted.

**V.   CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to dismiss plaintiff Songco for failure to prosecute the case.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7235 CAS (AGRx) | Date | August 29, 2011 |
|---|---|---|---|
| Title | RHEX CASAS, et al. v. BRIGHTWATER INTERNATIONAL, INC., et al. | | |

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | RS | | |